[No. 2858.   Decided June 25, 1898.]

J. W. VAN BROCKLIN, *Appellant*, v. QUEEN CITY
PRINTING COMPANY, *Respondent;* H. N. RICHMOND
PAPER COMPANY, *Intervenor*, D. E. DURIE, *Receiver*.

INSOLVENT CORPORATION — PREFERENCE TO CREDITOR — CHATTEL MORT-
GAGE.

A chattel mortgage given by an insolvent corporation to a
creditor for the purpose of preferring the mortgagee over other
creditors is void.

Where the notes of an insolvent corporation are given to a
stockholder in consideration of a purchase of his stock, not for
the benefit of the corporation, but for that of a third person,
such stockholder is not entitled to share in the assets of the
corporation in the hands of a receiver, until after the claims
of all other creditors, except those of stockholders for shares of
capital stock, have been satisfied.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge.   Affirmed.

*C. W. Turner*, and *Julius F. Hale*, for appellant.

*Emmons & Emmons*, and *Vince H. Faben*, for inter-
venor.

*John Kelleher*, for receiver.

The opinion of the court was delivered by

REAVIS, J.—Plaintiff (appellant) commenced an action
against defendant, the Queen City Printing Company, re-
spondent here, upon certain promissory notes, and also filed
his affidavit for an attachment, upon which a writ was
issued and the property of the defendant corporation, con-
sisting of a printing plant and stock, was taken into pos-
session by the sheriff.   Thereupon the defendant corpora-
tion appeared and, alleging its insolvency, asked for the ap-
pointment of a receiver, and such receiver was appointed.

Thereafter, the intervener, appellant H. N. Richmond Paper Company, made application for permission to intervene, and, upon an order allowing such intervention, filed its complaint setting up as a cause of action demands against the defendant corporation, which were secured by a chattel mortgage on the same property which had been taken into possession by the sheriff, and also a bill of sale intended as a mortgage of a portion of the same property. In the meantime, upon motion, the attachment was dissolved. Intervener asked that its mortgage be foreclosed and for the appointment of a receiver pending the foreclosure. The receiver, Durie, respondent, was then appointed by the court, who took possession of all the property of the defendant, being the same property which had theretofore been in possession of the first receiver. The receiver, Durie, also asked leave to file an answer and defend against the claims of plaintiff and the intervener. A number of other creditors also came into the proceeding and claimed amounts due them from the defendant corporation.

The receiver, Durie, in his answer to the complaint of plaintiff, alleged that the consideration for the promissory notes, the foundation of plaintiff's right of action, was the transfer of certain shares of stock held by plaintiff, who was a stockholder in defendant corporation, to the defendant for the benefit of E. C. Wilson, and not for defendant's benefit; and at the time of such transfer the defendant corporation was insolvent and the stock was worthless. In his answer to the complaint in intervention of the H. N. Richmond Paper Company, the receiver, Durie, alleged that the chattel mortgage which intervener sought to foreclose was executed when the defendant corporation was wholly insolvent, and was intended as a preference of intervener's claim over other creditors of the defendant cor-

poration. He also alleged that the bill of sale intended as a mortgage did not have the affidavit required by statute, that it was made in good faith without intent to hinder, delay or defraud creditors, and that it was not recorded as a chattel mortgage or as a bill of sale. Upon the issues made by the respective parties, a trial was had and the rights of all the parties adjudicated by the court. Findings of fact were made, and exceptions have been taken by plaintiff and intervener (appellants) to a number of them.

The record is one of considerable length, and upon its examination we find quite a conflict in the evidence. But the superior court had more favorable opportunities to make correct conclusions than are presented here, and we are content to accept its findings of fact, and they are conclusive of the case. They are substantially that the consideration for plaintiff's promissory notes in suit was a transfer by plaintiff to defendant of certain shares of stock in defendant corporation, owned by plaintiff and his son, and the notes were taken in payment thereof; that the defendant corporation was then insolvent, and its stock worthless, and that the stock was purchased, as alleged, for the benefit of one Wilson, and not of the defendant; that at the time of the execution of intervener's mortgage, set out in its complaint in intervention, the defendant was unable to pay its debts as they became due in the regular course of business, and the liabilities of defendant exceeded its assets; that the corporation was insolvent, and the mortgage was executed for the purpose of preferring the intervener over the other creditors of defendant; that the bill of sale held by intervener was in fact intended as a mortgage; that it did not contain the affidavit of good faith required by law, and was not recorded as a chattel mortgage or as a bill of sale; that there was due from de-

fendant to intervener on the promissory notes and open account set out in the complaint in intervention the sum of $2,405.48. Judgment was entered in favor of the plaintiff against the defendant for the amount claimed in the complaint, and the satisfaction of plaintiff's claim was awarded out of the assets of the defendant after the claims of all the other creditors of the defendant, except those of stockholders for shares of capital stock held by them, were satisfied, and intervener's mortgage was adjudged void as to all the other creditors. The proper judgment was entered upon the facts found by the court.

In view of the consideration and conclusion on the merits heretofore stated, it is unnecessary to determine the respective motions to dismiss the appeals or strike the statement of facts. The judgment is affirmed.

SCOTT, C. J., and GORDON and DUNBAR, JJ., concur.